IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SILVIO MARTINEZ LAGUNA and NOEL ALBERTO RAMOS CASTILLO, | : : | |
| Petitioners, | : : | |
| | : : | PETITION FOR WRIT OF HABEAS CORPUS |
| | : | |
| v. | : : | No. 26-312 |
| MICHAEL ROSE, Field Office Director of Enforcement and Removal Operations, Philadelphia Field Office, Immigration and Customs Enforcement et al., | : : : : | |
| Respondents. | : | |

JANUARY 26, 2026                                                                                   HONORABLE ANITA B. BRODY

### MEMORANDUM

Petitioners Martinez Laguna and Ramos Castillo filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Martinez Laguna and Mr. Ramos Castillo are currently detained by Immigration and Customs Enforcement ("ICE") pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2).

1

Mr. Martinez Laguna and Mr. Ramos Castillo allege that their detention is unlawful because Section 235 does not apply to individuals like them: noncitizens who are residing in the United States. As persons who have been living in the United States since February 2023, Mr. Martinez Laguna and Mr. Ramos Castillo argue that they should have been detained, if at all, under Section 236 of the INA. 8 U.S.C. § 1226(a). Consequently, they assert that they are entitled to a bond hearing before a neutral adjudicator.

In recent months, numerous district courts have addressed the same issue raised in Mr. Martinez Laguna and Mr. Ramos Castillo's Petition. At least 350 decisions from district courts[1]—including over 25 decisions from this District[2]—find that the application of Section 1225(b)(2)(A) to noncitizens residing in the United States is unlawful. I agree with the reasoning of my

---

[1] *See Barco Mercado v. Francis*, No. 25-6582, slip op. at 9-10 & n.22 (S.D.N.Y. Nov. 26, 2025) (counting 350 cases decided by over 160 different judges granting habeas relief to similar Petitioners).

[2] *See, e.g., Patel v. McShane*, Civ. 25-cv-5975 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025); (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center, et al.,* No. 25-cv-6312 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison, et al.*, No. 25-cv-5930 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv- 6358 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv-6376 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.);*Wu v. Jamison, et al.,* No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-6474 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane,* No. 25-cv-5810 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No. 25-cv-6191 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.,* No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.*, No. 25-cv-6551 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill et al.*, No. 25-cv-6809 (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458 (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (Gallagher, J.); *Picon v. O'Neill, et al.,* No. 25-6731 (Perez, J.). There have been many additional adverse decisions since December 15, 2025, and there are approximately 25 pending habeas petitions confronting the same legal issue in this District.

colleagues and these other district courts.[3] Mr. Martinez Laguna and Mr. Ramos Castillo's Petition is **GRANTED**.

I. **BACKGROUND**

Mr. Martinez Laguna and Mr. Ramos Castillo are citizens of Nicaragua. Petition, ECF No. 1, ¶ 17-18. Upon their entry to the United States, Mr. Martinez Laguna and Mr. Ramos Castillo were arrested by Customs and Border Patrol agents. *Id.* ¶ 3. Thereafter, they were released, issued a Notice to Appear and placed in removal proceedings. *Id.* Mr. Martinez Laguna and Mr. Ramos Castillo then timely filed an application for asylum with the Immigration Court. *Id.*

On January 12, 2026, Respondents took Mr. Martinez Laguna and Mr. Ramos Castillo into custody while they were attending an ICE check-in. *Id.* ¶ 4. Petitioners are now detained at the Philadelphia Federal Detention Center. *Id.* ¶ 1.

On January 19, 2026, Mr. Martinez Laguna and Mr. Ramos Castillo filed the instant Petition, seeking their release. *Id.* at 23. Respondents oppose habeas relief. Respondents' Opposition Brief, ECF No. 3.

II. **DISCUSSION**

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

---

[3] Because the Court finds that Mr. Martinez Laguna and Mr. Ramos Castillo's detention without a bond hearing violates the INA, the Court does not address their argument that their detention also violates the Due Process Clause. *Id.* at 14-15.

Respondents argue that the Court lacks jurisdiction to hear Petitioners' claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(a)(2)(B)(ii). As my colleagues have explained, none of these statutes are applicable to the instant Petition.[4] *Demirel*, 2025 WL 3218243, at *2-3; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *3-4. There is no jurisdictional bar to reviewing Mr. Martinez Laguna and Mr. Ramos Castillo's Petition.

Respondents also assert that this Court should dismiss Petitioners' claims because of their failure to exhaust administrative remedies. Again, I agree with my colleagues that exhaustion is not required because the issue presented involves only statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Demirel*, 2025 WL 3218243, at *3-4; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

As for the merits of the Petition, the principal issue is whether Mr. Martinez Laguna and Mr. Ramos Castillo's mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful.[5] I concur with my colleagues that it is. Both the plain meaning of the text of Section 1225(b)(2)(A) and the statutory framework of the INA support the conclusion that the provision does not apply

---

[4] The Third Circuit recently clarified the scope of 8 U.S.C. § 1252(b)(9). *See Khalil v. President, U.S. of Am.*, No. 25-2162, 2026 WL 111933 (3d Cir. Jan. 15, 2026) (holding that § 1252(b)(9) stripped the district court of subject-matter jurisdiction to review Khalil's habeas petition). The Court explained that because Khalil's claims were not "detention-specific" and instead "challenge the government's decision to commence removal proceedings," § 1252(b)(9) requires him to file a petition for review ("PFR") of a final order of removal before bringing claims in district court. *Id.* at *11. In the instant case, Petitioners only challenge their detention, so § 1252(b)(9) does not apply. *See Kourouma v. Jamison et al.*, No. 26-cv-182, Doc. No. 6, at 4-6 (E.D. Pa. Jan. 15, 2026) (Marston, J.); *Restrepo v. Jamison*, No. 25-6518, Doc. No. 16, at 12 (E.D. Pa. Jan. 20, 2026) (Leeson, J.).

[5] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

to noncitizens residing within the United States.  *Demirel*, 2025 WL 3218243, at *4-5; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*, 2025 WL 3188399, at *5-7.  Respondents can detain Petitioners, if at all, under 8 U.S.C. § 1226(a).[6]  *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *5.  Noncitizens detained pursuant to Section 1226(a) are entitled to apply for release on bond or conditional parole.  *See* 8 C.F.R. § 1236.1(c)(8), (d); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021).  Therefore, Mr. Martinez Laguna and Mr. Ramos Castillo's detention without opportunity for a bond hearing violates the INA.

## III.   REMEDY

As Judge Wolson did, I will order the release of Mr. Martinez Laguna and Mr. Ramos Castillo because they were unlawfully detained without a bond hearing as required by Section 1226(a).  *Kashranov*, 2025 WL 3188399, at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."))  I will also permanently enjoin the Government from re-detaining Mr. Martinez Laguna and Mr. Ramos Castillo under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting them under Section 1226(a) for seven days following their release to ensure the habeas remedy is effective.  If Petitioners are later detained under Section 1226(a), the Government must provide them with notice and an opportunity to be

---

[6] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c).  8 U.S.C. § 1226(a).

5

heard at a bond hearing before an Immigration Judge, who will assess whether they pose a flight risk or a danger to the community.

### IV.  CONCLUSION

I will grant Mr. Martinez Laguna and Mr. Ramos Castillo's Petition for the same reasons as my colleagues on this Court. Petitioners' mandatory detention without a bond hearing pursuant to Section 1225(b)(2) is unlawful. An appropriate order accompanying this opinion follows.